UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JASON CHRISTOPHER MARTINEZ,

    Petitioner,

v.  Civ. No. 16-256 RB/GJF

JOHN SANCHEZ, Warden
and HECTOR H. BALDERAS,
Attorney General of New Mexico,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner's pro se Petition for the Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). ECF No. 1. Because Petitioner has not exhausted the state court remedies available for his claims of relief, the Court is not authorized to grant the Petition. Therefore, this Court recommends dismissing the Petition without prejudice.

**BACKGROUND**

On January 28, 2014, a jury sitting in Carlsbad, New Mexico, found Petitioner guilty of fourth-degree commercial burglary, fourth-degree larceny, and the misdemeanor offense of causing criminal damage to property. *See* ECF. No. 7, Ex. A (Judgment and Sentence, *State v. Jason Christopher Martinez*, Cause No. D-503-CR-2012-00156). Because of prior felony convictions incurred in Texas and New Mexico, Petitioner was sentenced to a total term of imprisonment of 11 1/2 years. *See id.*

On direct appeal, Petitioner asserted that the trial judge erred in seating jurors whom she knew personally, using his Texas conviction for enhancement purposes, and imposing

1

consecutive sentences.  Petitioner also claimed that his trial counsel was ineffective on multiple grounds.  *See* ECF. No. 7, Ex. D (Docketing Statement, *State of New Mexico v. Jason Christopher Martinez*, N.M. Ct. App. No. 34,131).  The New Mexico Court of Appeals affirmed.  *See id.*, Ex. G.  The New Mexico Supreme Court denied Petitioner's petition for writ of certiorari.  *See id.*, Exs. H, I.

On January 12, 2016, Petitioner filed a state habeas corpus petition, in which he raised a variety of ineffective assistance claims, and reasserted his challenges to the introduction of certain evidence, the use of the Texas conviction for enhancement purposes, and the trial judge's apparent personal familiarity with some of the jurors.  *See id.*, Ex. K.  The trial court denied the petition.  *See id.*, Ex. M.  On February 4, 2016, Petitioner filed a petition for a writ of certiorari that *still* remains pending in the New Mexico Supreme Court.  *See id.*, Ex. N.  Notwithstanding his pending petition for a writ of certiorari, and not waiting for the New Mexico Supreme Court to decide whether to grant review of it, Petitioner filed the instant federal habeas petition on April 5, 2016.  *See* Petition, ECF No. 1.

In their answer to the instant Petition, Respondents asserted that the Petition should be dismissed without prejudice due to Petitioner's failure to exhaust available state remedies.  *See id.* at 1-2, 6-7.  In what this Court is construing as his reply brief, Petitioner admitted that his state habeas petition is still pending before the New Mexico Supreme Court but asserted that that Court has already had the petition for more than ninety days, which in Petitioner's view is a "most sufficient amount of time to grant or deny a motion."  ECF No. 10 at 1.

**Petitioner's Claims**

Petitioner is a pro se litigant.  Accordingly, this Court construes his pleadings liberally and holds them to a less stringent standard than is required of a party represented by counsel.

*See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]"  *Garrett v. Selby, Connor, Maddox, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted).  However, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.*

Petitioner purports to raise four grounds for relief in his Petition:  (1) the trial judge erred in seating certain jurors whom she knew personally; (2) Petitioner's trial counsel was ineffective for failing to make a record of the trial court's interactions with the jury pool; (3) his trial counsel was ineffective for failing to object to the introduction of photographs of Petitioner wearing a certain shirt; and (4) the trial court improperly used a Texas prior conviction to sentence Petitioner as a habitual offender.  *See* Pet'r's Pet., ECF No. 1.

**ANALYSIS**

As stated above, Respondents argue that the Petition should be dismissed due to Petitioner's failure to exhaust state remedies.  Resp't's Answer to Jason Christopher Martinez's *Pro Se* Pet. for Writ of Habeas Corpus ("Answer"), ECF No. 7 at 1-2, 6-7. Specifically, Respondents rely on the fact that Petitioner still has a state habeas petition pending review before the New Mexico Supreme Court.  *Id.*

A federal habeas petitioner must give the state court a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement.  *See* 28 U.S.C. § 2254(c) (2012); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To provide the state court

with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)[.]" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); *see also Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012). "If the petitioner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing 28 U.S.C. §2254(b)(1)(B)(i)-(ii)).

Because the purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner is asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (internal citations omitted). The petitioner need not "cite 'book and verse on the federal constitution,'" *Berg v. Foster*, 244 F. App'x 239, 244 (10th Cir. 2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)), but "[t]he federal quality of the rights asserted [must be] sufficiently discernible to fairly apprise the [state] court of the federal nature of [petitioner's] claims." *Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994).

The state bears the initial burden of asserting exhaustion as a defense, but once pled, the petitioner bears the burden of showing that he has exhausted all available state court remedies or that exhaustion is futile. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092-93 (10th Cir. 1995); *Selsor*,

4

644 F.3d at 1026. "Traditionally, when a petition contains entirely unexhausted state claims, the petition [will] be dismissed without prejudice." *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006).

This Court concludes that Petitioner has not exhausted his available state court remedies. As noted above, Petitioner's petition for writ of certiorari with respect to his state habeas petition is currently pending before the New Mexico Supreme Court. As such, Petitioner is in the process of presenting his claims and has not yet concluded a complete round of state appellate review of his claims. *Gowler v. Arnold*, 462 F. Supp. 427, 428 (W.D. Okla. 1977) ("[A] federal court [will not] entertain an application for a writ of habeas corpus if an appeal is pending in the state courts."). Furthermore, Petitioner alleges no facts and provides no argument indicating that pursuing relief through these appellate avenues would be futile. That Petitioner believes the New Mexico Supreme Court should have turned sooner to his petition than it apparently has is of no consequence, particularly considering that his petition has been pending in that court only for six months. Accordingly, Petitioner has not met his burden of establishing exhaustion as to any of his claims or that exhaustion is futile. Therefore, it is appropriate that the Petition be dismissed without prejudice. *See Hickman*, 191 F. App'x at 757.

**CONCLUSION**

Wherefore, IT IS HEREBY RECOMMENDED THAT the Petition [ECF No. 1] be DISMISSED WITHOUT PREJUDICE.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**